The CITY OF STEPHENVILLE et al.,
Appellants,

v.

J. S. HILL, Appellee.

No. 4329.

Court of Civil Appeals of Texas.

Eastland.

June 27, 1969.

Rehearing Denied July 18, 1969.

Joseph A. Chandler, Stephenville, for appellants.

C. O. McMillan, Stephenville, for appellee.

GRISSOM, Chief Justice.

When J. S. Hill constructed his residence in Stephenville he laid a sewer line under his house and across his lot to the City's main sewer line. The part under the house was made of cast iron but from the house to the City sewer main the pipe used was bituminous fiber pipe made of 75% coal tar pitch and 25% cellulose wood fiber, by weight. After Hill had laid said line he was ordered by the City's plumbing inspector to take it out and replace it with cast iron pipe. He was notified by said inspector that he was violating Article 1, Paragraph 10, of the plumbing ordinance of the City by using a non approved pipe as a conductor of sewage from his house to the sewer main. Hill sued the City and inspector and obtained a judgment enjoining them from interfering with said connection with the City sewer. Hill alleged that the pipe used by him, bituminous fiber pipe, met applicable plumbing standards and complied with the City's plumbing code, which provided in Article 1, Subsection 10, as follows:

"That portion of the house drain under ground and extending to the property line to be service weight, soil pipe coated with asphaltum or coal tar pitch."

The pipe used by Hill was "soil pipe"—"coated with—coal tar pitch." Whether it was "service weight" was disputed. Hill alleged that "service weight soil pipe" was not defined in the ordinance and that in its ordinary and popular meaning it was applicable to and included the type of pipe used by him.

The court submitted one issue. It inquired whether the pipe installed by Hill met the specifications of the plumbing code. The jury found that it did. The judgment recites that it appeared to the court "from the pleadings and the evidence and from the verdict of the jury that the type of soil pipe used by the plaintiff—meets the requirements of and comes within the provisions of the City Plumbing Code—." The City and the plumbing inspector have appealed.

Appellants' first three points are that the court erred (1) in overruling defendants' motion for an instructed verdict; (2) in overruling defendants' motion for judgment non obstante veredicto and (3) in submitting said issue, "which called for a finding on a matter of law." Appellants argue that there was no evidence to support Hill's contention that the bituminous fiber pipe used by him came within the meaning of "service weight soil pipe" as used in the plumbing code. They say Hill's contention that there is evidence to that effect is supported only by argument; that it is undisputed that the pipe used by Hill was not "service weight soil pipe" and there was no disputed fact issue. They say the requirement of the ordinance that "service weight soil pipe" be used is unambiguous, cannot include the type of pipe used by Hill and that it was the exclusive province of the court to construe the code and apply said provision to the "uncontradicted" testimony. They cite authority for the proposition that it is the duty of the court to construe and declare the legal effect of an unambiguous ordinance. Appellants say Hill offered no testimony that the pipe used by him came within the meaning of "service weight soil pipe" in the ordinance and that therefore it was the duty

of the court to render judgment for appellants and the court erred in submitting said issue and that to so answer said issue the jury had to apply the provisions of the unambiguous ordinance to the undisputed testimony. We think the testimony in this regard was not undisputed. A question of fact was raised as to whether the pipe used by Hill came within the requirement of "service weight soil pipe." Appellants' eminent counsel, in objecting to testimony relative to quality and serviceability of the pipe used by Hill, stated to the court that the issue was whether the pipe used by Hill met the requirements of the ordinance. Mr. Hill described the pipe used by him. He said that while he was building his house said pipe was visible on the ground; that the plumbing inspector was there and drove by it many times during construction; that if he didn't see the pipe "he must have had his eyes closed," because he walked within four feet of it "time and time again" and that he never made any objection to it until after it was installed. He testified that when he was informed by the inspector that he would have to remove said pipe he asked whey he hadn't informed him before that said pipe could not be used, why he didn't so inform Hill when he went to the City Hall and asked the inspector about using that pipe. Hill testified that he went to the City Hall and talked to the inspector about using this particular pipe and the inspector told him that his bituminous fiber pipe was approved, "but we don't like it." Hill testified that his house was built on sandy soil containing a mass of roots and the pipe he used was best for that kind of soil. He said that he could not find in the plumbing code a definition of "service weight"; that he could not find it defined anywhere; that said code did provide that "soil pipe" was "any" pipe which conveyed the discharge of water closets; that his pipe was sufficient for that purpose and serviceable and he believed was not violating the code and that his pipe came within its requirement. There was introduced a statement by the manufacturer of the pipe used that it was an accepted material in all model codes.

Mr. Wamsley, a division manager of the Bituminous Pipe Institute, testified that bituminous fiber pipe was seventy-five percent coal tar pitch and twenty-five percent cellulose wood fiber, by weight; that in the language of the plumbing trade "service weight soil pipe" was not used as meaning "cast iron soil pipe"; that there was a type of cast iron pipe which was called service weight cast iron pipe but that in the plumbing business "service weight" was not synonymous with "cast iron." We conclude that the court did not err in overruling appellants' said motion.

From the evidence mentioned it is evident there was an issue of fact as to whether the pipe used came within the requirement of the plumbing code. The evidence conflicted as to the meaning of "service weight" as used in the ordinance. There was evidence from which the jury could conclude, as it did, that the pipe used was "service weight" within the meaning of the code. Differently stated, the contested issue on the trial was simply whether "service weight soil pipe" and "cast iron soil pipe", as used in the plumbing trade, were synonymous. The issue submitted did not call for a conclusion of law. Whether or not the issue submitted was perfectly stated is not necessary for us to determine. It submitted the issue of fact which was actually tried before the jury. There was no attack on the exact wording of the issue. It was appellants' contention that under the undisputed evidence, as a matter of law, the pipe used by Hill violated the code.

Appellants' 4th point is that the court erred in overruling their objection to Hill's testimony to the effect that he had used the same kind of pipe in other houses and found it satisfactory. We think the court did not err in admitting such evidence. In any event it did not constitute reversible error.

Appellants' 5th point is that the court erred in commenting in the presence of the jury that the plumbing ordinance did not define pipe and then stating that it did define it as "service weight soil pipe" and in refusing to instruct the jury not to consider such comment. The record shows Hill testified that he investigated in order to learn what pipe would repel roots; that he found the kind of pipe he used and it had given no trouble in twenty-one years, to which appellants objected because "this is not a contest between qualities of pipe", stating that the ordinance contained specifications. Whereupon, the court stated that the ordinance didn't define pipe, appellants' counsel insisted that it did, and the court then said that it did define it as "service weight soil pipe. That's the issue—." The entire ordinance was introduced. It contains the provision exactly as stated by the court. We think such action did not constitute reversible error.

Appellants' points are overruled. The judgment is affirmed.